1
2
3                        UNITED STATES DISTRICT COURT
4                             DISTRICT OF NEVADA
5                                   * * *
6    JUSTIN MORGAN FREELOVE, *et al.*,        Case No. 3:20-cv-00571-MMD-WGC
7                              Plaintiff,      ORDER
           v.
8
     KELLI WEISHAUPT, *et al.*,
9
                             Defendants.
10
11   **I.    SUMMARY**

12         *Pro se* Plaintiffs Justin Morgan Freelove and Jessica Kay Freelove sued

13   Defendants Kelli Weishaupt, Kathryn Beatty, Leslie Reyes, and Senon Rubio, Churchill

14   County, Nevada social workers (collectively, "Social Worker Defendants"), along with

15   Churchill County, Nevada social worker supervisor Karen Oppenlander in federal court in

16   Idaho for alleged violations of Plaintiffs' constitutional rights under 42 U.S.C. § 1983

17   regarding what appears to have been an investigation into alleged child abuse, and

18   related administrative appeals, state court, and custody proceedings. (ECF No. 1.) The

19   case was subsequently transferred to this Court. (ECF No. 17.) Before the Court are

20   Oppenlander (ECF No. 29) and Social Worker Defendants' (ECF No. 30) motions to

21   dismiss Plaintiffs' Complaint (collectively, the "Motions").[1] Because Plaintiffs' Complaint

22   fails to satisfy the requirement of Federal Rule of Civil Procedure 8(a)(2) that it include a

23   "short and plain statement of the claim showing that the pleader is entitled to relief[,]"

24   Defendants raise at least several meritorious arguments in their Motions, Plaintiffs'

25   response does not directly respond to any of the arguments raised in Defendants'

26   Motions, and as further explained below, the Court will grant both Motions. However, the

27

28         [1]Plaintiffs filed two duplicate, combined responses to the Motions, meaning the two
     documents are identical and the one response responds to both motions to dismiss. (ECF
     Nos. 32, 33.) For convenience, the Court refers to ECF No. 32 throughout this order.

1  Court will *sua sponte* grant Plaintiffs an opportunity to file an amended complaint because

2  they are proceeding *pro se*, have not previously been given an opportunity to amend, and

3  the Complaint is sufficiently unclear that the Court cannot determine what claims it

4  contains, much less that amendment of those claims would be futile.

5  **II.    BACKGROUND**

6       The following allegations are adapted from the Complaint. Plaintiffs sue all

7  Defendants in their official capacities under Section 1983. (ECF No. 1 at 2-3.) Plaintiffs

8  allege that Defendants violated the following constitutional rights: "Right to Due Process,

9  HIPPA, Parental Rights, Fourth Amendment, Fifth Amendment, Sixth Amendment, Ninth

10 Amendment, Tenth Amendment, and Fourteenth Amendment." (*Id.* at 3.) Under the

11 'Injuries' section of their form complaint, Plaintiffs allege that they have suffered extreme

12 stress, emotional trauma, and medical complications because of "constantly having to

13 fight with corrupt CPS social workers and the Second Judicial District Court." (*Id.* at 4.)

14 Under the 'Relief' section, Plaintiffs state that they seek two million dollars in damages.

15 (*Id.*) Plaintiffs also state they seek a 'change of venue' from the "Second Judicial District

16 Court" and that "my son's custody dispute be tried in a new jurisdiction." (*Id.*)

17      Plaintiffs describe their claims in more detail in an addendum attached to their form

18 Complaint. (*Id.* 6-8.) While difficult to follow, Plaintiffs first recount a series of interactions

19 between Plaintiffs and Social Worker Defendants in March and April 2018 regarding what

20 appears to be an investigation into the potential abuse of one of their children focusing

21 on bruises discovered on the child's bottom, which Plaintiffs contend happened when the

22 child felt out of a truck. (*Id.* at 6-7.) Plaintiffs in particular focus on the events of March 20,

23 2018, when two of the Social Worker Defendants came to Plaintiffs' home regarding the

24 investigation into the child with the bruises, but also said they were there to check on

25 another child, but never checked on that other child. (*Id.* at 7-8.) In July 2018, there was

26 a court hearing before Judge Bridget Robb who allegedly scolded one of the Plaintiffs for

27 not cooperating with CPS. (*Id.* at 7.) Plaintiffs generally appear to allege that Social

28 Worker Defendants mishandled an investigation or investigations regarding Plaintiffs'

1  children. (*Id.*) Plaintiffs further allege that they prevailed on an administrative appeal
2  regarding the investigations about at least one of their children. (*Id.* at 8.)

3      Plaintiffs finally allege they filed a complaint about purported misconduct on Social
4  Worker Defendants' part regarding these investigations with Oppenlander. (*Id.* at 8.)
5  Plaintiffs allege that Oppenlander "found the individuals did not liable for misconduct[,]"
6  and then Oppenlander was argumentative and unprofessional when one of the Plaintiffs
7  contacted her about it in a phone call. (*Id.*)

8  **III.   LEGAL STANDARD**

9      A court may dismiss a plaintiff's complaint for "failure to state a claim upon which
10  relief can be granted." Fed. R. Civ. P. 12(b)(6).[2] A properly pleaded complaint must
11  provide "a short and plain statement of the claim showing that the pleader is entitled to
12  relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
13  While Rule 8 does not require detailed factual allegations, it demands more than "labels
14  and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft*
15  *v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations
16  must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to
17  survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a
18  claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550
19  U.S. at 570).

20      In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to
21  apply when considering motions to dismiss. First, a district court must accept as true all
22  well-pleaded factual allegations in the complaint; however, legal conclusions are not
23  entitled to the assumption of truth. *See id.* at 678. Mere recitals of the elements of a cause
24  of action, supported only by conclusory statements, do not suffice. *See id.* Second, a
25  district court must consider whether the factual allegations in the complaint allege a

26

27      [2]Defendants move to dismiss at least in part under Rule 12(b)(6). (ECF Nos. 29 at
3-4, 30 at 1.) However, Defendants also make arguments for dismissal under Rule
28  12(b)(5) and 12(b)(7) (*id.*), and Oppenlander also argues for dismissal under Rule
12(b)(1) (ECF No. 29 at 3-4). The Court only includes the Rule 12(b)(6) standard here
because it appears most applicable to the bulk of Defendants' arguments in the Motions.

plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does not permit the Court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (alteration in original) (internal quotation marks and citation omitted). That is insufficient. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

## IV.    DISCUSSION

Defendants raise several, alternative arguments in their Motions as to why the Court should dismiss Plaintiffs' Complaint—and the Court agrees it must dismiss the Complaint. But before the Court discusses some of Defendants' persuasive and dispositive arguments raised in their Motions, the Court discusses several threshold issues that also weigh in favor of dismissing Plaintiffs' Complaint. The Court finally explains why it will grant Plaintiffs an opportunity to file an amended complaint even though they did not request leave to amend, and Defendants seek dismissal with prejudice.

### A.    Threshold Issues

First, Plaintiffs' Complaint does not comply with Rule 8 or Rule 10 of the Federal Rules of Civil Procedure. Plaintiffs' Complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It does not. "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Plaintiffs' allegations are not. Further, a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.* Plaintiffs did not do this in their Complaint either. Indeed, Plaintiffs drafted their Complaint in a way that is not just noncompliant with the Federal Rules of Civil Procedure—it is sufficiently unclear that the Court cannot decipher which

4

1  legal or constitutional violations Plaintiffs allege particular Defendants committed, and

2  what facts support those claims.[3]

3        Second, Plaintiffs' response to the Motions does not address any of the arguments

4  Defendants raised in their Motions. (ECF No. 32.) In their response, Plaintiffs primarily

5  accuse Defendants of discovery violations. (*Id.* at 1.) Plaintiffs then basically state that

6  this Court has personal jurisdiction over Defendants, and that the Motions should be

7  denied, allowing this case to move forward towards a trial. (*Id.* at 1-2.) But Plaintiffs do

8  not explain *why* this case should move forward. Plaintiffs' effective nonresponse to the

9  Motions creates both a practical and a procedural problem. Practically, the Court could

10  either infer that Plaintiffs agree that Defendants' arguments regarding dismissal are

11  correct because Plaintiffs have not offered any response to them, or at the least, be more

12  inclined to find Defendants' arguments persuasive because Plaintiffs have not offered any

13  counterpoint to them. Procedurally, Plaintiffs' failure to respond to the arguments in

14  Defendants' Motions creates an issue under LR 7-2(d), which provides in pertinent part,

15  "[t]he failure of an opposing party to file points and authorities in response to any motion,

16  except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a

17  consent to the granting of the motion." Under this Rule, the Court could grant Defendants'

18  Motions simply because Plaintiffs did not respond to any of the arguments in them.

19        Third, and as Social Worker Defendants point out in reply (ECF No. 35 at 2),

20  Plaintiffs filed their response to the Motions late and did not offer any explanation for their

21  untimeliness. Defendants filed the Motions on May 26, 2021. (ECF Nos. 29, 30.) That

22  means any responses were due Wednesday, June 9, 2021. *See* LR 7-2(b). Plaintiffs did

23  not file their response until June 16, 2021. (ECF No. 32.) The Court could accordingly

24

25

26        [3]If Plaintiffs are unable to locate an attorney to assist them with preparing an
amended complaint in this case, the Court directs them to the District of Nevada's
27  Handbook for *Pro Se* litigants, available on the District of Nevada's Website here:
https://www.nvd.uscourts.gov/wp-content/uploads/2020/02/1-9-2020-NV-Pro-Se-
28  Handbook.pdf.

1   also grant the Motions as unopposed because Plaintiffs did not timely file responses.[4]

2   More broadly, although courts "construe pleadings liberally in their favor, *pro se* litigants

3   are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)

4   (affirming dismissal of a *pro se* litigant's complaint in the District of Nevada because that

5   *pro se* litigant did not timely file a response to a motion to dismiss in violation of the

6   predecessor local rule to LR 7-2(d)) (citation omitted). Thus, if Plaintiffs wish to proceed

7   *pro se* in this case and file an amended complaint, it is important that they first familiarize

8   themselves with the Federal Rules of Civil Procedure and the Court's Local Rules,[5]

9   comply with deadlines, and obey any pertinent Court orders. In sum, the Court finds it

10  should dismiss the Complaint before even addressing any of Defendant's arguments—

11  though the Court intends this section as primarily instructive in the event Plaintiffs

12  continue to pursue this case *pro se.*

13  ## B.    Defendants' Arguments

14  That brings the Court to Defendants' arguments, which the Court generally finds

15  persuasive and dispositive, meaning that the Court agrees it must dismiss the Complaint.

16  The Court addresses a few of Defendants arguments here, explaining its agreement with

17  those arguments and why the Court must therefore dismiss Plaintiff's Complaint.

18  First, Plaintiffs sue all Defendants in their official capacity under Section 1983.

19  (ECF No. 1 at 2-3.) But neither a "neither a State nor its officials acting in their official

20  capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S.

21  58, 71 (1989). The Court must accordingly dismiss Plaintiffs' Complaint on this basis

22  alone.[6] *See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*,

---

23  

24  [4]Plaintiffs were also warned about the potentially dispositive impact of the Motions, and their response deadline, in a minute order issued the day after Defendants filed the

25  Motions. (ECF No. 31.)

26  [5]Available   on   the   Court's   website   at:   https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf.

27  [6]Of course, "[w]hen sued for *prospective injunctive relief*, a state official in his official capacity is considered a 'person' for § 1983 purposes." *Doe v. Lawrence Livermore*

28  *Nat. Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997) (emphasis in original). However, Plaintiffs

1  616 F.3d 963, 968 (9th Cir. 2010) ("The district court also properly dismissed the claims

2  against the UNLV Employees in their official capacities.").

3      Second, the Eleventh Amendment also bars Plaintiffs' claims against all

4  Defendants, who are, again, all sued in their official capacities. *See Romano v. Bible*, 169

5  F.3d 1182, 1185 (9th Cir. 1999).

6      Third, and also because Plaintiffs attempt to sue Nevada state officials in their

7  official capacities, Plaintiffs must have served their complaint in accordance with NRS

8  41.031(2), but they do not appear to have done so. Plaintiffs' Complaint must also be

9  dismissed for this reason. *See, e.g.*, *Pree v. State of Nev.*, 972 F.2d 1341 (Table), 1992

10  WL 196954 (9th Cir. 1992) (affirming dismissal without prejudice for deficient service

11  where the plaintiff was suing a state agency and had not complied with NRS 41.031(2)).

12      In sum, for these three reasons, along with the reasons described above in Section

13  IV.A, the Court dismisses Plaintiffs' Complaint in its entirety.

14      **C.    Leave to Amend**

15      Plaintiffs did not ask for leave to amend, but they are proceeding *pro se* and have

16  not previously been given an opportunity to amend their Complaint.[7] (ECF No. 32

17  (declining to request leave to amend).) The Court has discretion to grant leave to amend

18  and should freely do so "when justice so requires." Fed. R. Civ. P. 15(a); *see also Allen

19  v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Nonetheless, the Court may

20  deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing

21  party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure

22

23  do not appear to sue for prospective injunctive relief here. Plaintiffs sue for two million
    dollars. (ECF No. 1 at 4.) That said, in that same section of the Complaint, Plaintiffs also
24  seek a reassignment from their current state court to another court in a custody dispute.
    (*Id.*) But as all of the named Defendants are social workers (Oppenlander is a supervisor),
25  they could not grant Plaintiffs' request for a case to be transferred from one court to
    another. Thus, to the extent Plaintiffs seek injunctive relief, they do not seek it from
26  Defendants. Said otherwise, the only remedy they seek from the only named Defendants
    is monetary damages. For these reasons, the general rule from *Will* applies here, and not
27  the exception mentioned in the cited portion of *Doe*.

28      [7]Defendants ask that the Court dismiss the Complaint with prejudice. (ECF Nos.
    29 at 1, 30 at 9.)

1  deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music*
2  *Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Facts raised for the first time in a plaintiff's
3  opposition papers should be considered by the Court in determining whether to grant
4  leave to amend or to dismiss the complaint with or without prejudice. *See Orion Tire Corp.*
5  *v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001).

6      Plaintiffs' Complaint is sufficiently unclear that it is difficult to say what precisely
7  their claims are, much less that any amendment of those claims would be futile. Plaintiffs
8  also do not raise any facts in their opposition to the pending motions that assist the Court
9  in determining whether to grant leave to amend. (ECF No. 32.) But the Court must take
10 particular care in reviewing the pleadings of *pro se* parties, for a more forgiving standard
11 applies to litigants not represented by counsel. *See Hebbe v. Pliler*, 627 F.3d 338, 342
12 (9th Cir. 2010). If dismissal is appropriate, *pro se* plaintiffs should be given leave to amend
13 their complaint and notice of its deficiencies, unless those deficiencies cannot be cured.
14 *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted). The
15 Court cannot definitely say at this point that the numerous deficiencies in Plaintiffs'
16 Complaint identified in the Motions and above cannot be cured. The Court will accordingly
17 grant Plaintiffs a *sua sponte* opportunity to file an amended complaint that cures the
18 deficiencies identified in this order.

19 **V.    CONCLUSION**

20     The Court notes that the parties made several arguments and cited to several
21 cases not discussed above. The Court has reviewed these arguments and cases and
22 determines that they do not warrant discussion as they do not affect the outcome of the
23 motions before the Court.

24     It is therefore ordered that Defendant Karen Oppenlander's motion to dismiss (ECF
25 No. 29) is granted.

26     It is further ordered that Defendants Kathryn Beatty, Leslie Reyes, Senon Rubio,
27 and Kelli Weishaupt's motion to dismiss (ECF No. 30) is granted.

28 ///

It is further ordered that Plaintiffs' Complaint (ECF No. 1) is dismissed, in its entirety, without prejudice and with leave to amend.

It is further ordered that, if Plaintiffs choose to file an amended complaint curing the deficiencies discussed in this order, they must file it by February 17, 2022.

It is further ordered that, if Plaintiffs do not file an amended complaint by February 17, 2022, the Court will dismiss this case with prejudice for failure to state a claim—as the Complaint does not state a claim.

DATED THIS 18th Day of January 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

9