UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUSTIN MORGAN FREELOVE, et al., | Case No. 3:20-cv-00571-ART-CSD |
| Plaintiff, | ORDER |
| v. | |
| KELLI WEISHAUPT, et al., | |
| Defendant. | |

*Pro se* Plaintiffs Justin Morgan Freelove and Jessica Kay Freelove has filed an Amended Complaint suing Defendants Kelli Weishaupt, Kathryn Beatty, Leslie Reyes, and Senon Rubio, Churchill County, Nevada social workers (collectively, "Social Worker Defendants"), in their official capacities, along with Director of the Nevada Board of Examiners Karen Oppenlander, in her official capacity, for alleged violations of Plaintiffs' constitutional rights under 42 U.S.C. § 1983 regarding what appears to have been an investigation into alleged child abuse, and related administrative appeals, state court, and custody proceedings. (ECF No. 46.)

This Court previously dismissed Plaintiff's Complaint because they drafted their Complaint in a way that that was noncompliant with the Federal Rules of Civil Procedure and otherwise indecipherable. (ECF No. 43.) This Court also noted that Plaintiffs' response to Defendants' motions to dismiss was untimely and did not respond to the arguments in Defendants' motions creating an issue under LR 7-2(d), which provides in pertinent part, "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of

the motion." Under this Rule, the Court could have granted Defendants' Motions simply because Plaintiffs did not respond to any of the arguments in them. (*Id.*)

The Court, however, elected to address the merits of Defendants' motions in the event Plaintiffs elected to continue to proceed *pro se* primarily so that the Court's analysis could be "instructive." (*Id.*) The Court went on to explain that the Complaint was subject to dismissal because Plaintiffs sued all Defendants in their official capacities, but neither a "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment also barred the claims because Plaintiffs sued the Defendants in their official capacities. *See Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999). Third, and because Plaintiffs attempt to sue Nevada state officials in their official capacities, Plaintiffs must have served their complaint in accordance with NRS 41.031(2), but they did not appear to have done so. Plaintiffs were given leave to amend their complaint. (*Id.*)

Plaintiffs filed an Amended Complaint (ECF No. 46) on February 16, 2022. On March 2, 2022, Defendants filed motions to dismiss arguing that the Amended Complaint should be dismissed with prejudice because Plaintiffs were given an opportunity to file a legally and factually supported complaint but failed to do so. (ECF Nos. 47; 48.) Plaintiff's opposition was due March 16, 2022. No opposition been filed.

The Court now grants Defendants' motions without reaching the merits. Both motions argue that the Amended Complaint should be dismissed in its entirety and with prejudice because the Amended Complaint is as defective as the initial complaint that was previously dismissed by the Court. Neither motion is opposed by Plaintiffs. Under LR 7-2 (d), the "failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." Over five months have passed since Plaintiffs' opposition to the pending motions to dismiss were due. The Court finds that sufficient time

1  has passed that, even considering Plaintiffs' *pro se* status, their decision not to
2  oppose the defendants' motions to dismiss constitutes consent to granting the
3  motions.

4  It is therefore ordered that Defendant Karen Oppenlander's motion to
5  dismiss (ECF No. 47) is granted.

6  It is further ordered that Defendants Kathryn Beatty, Leslie Reyes, Senon
7  Rubio, and Kelli Weishaupt's motion to dismiss (ECF No. 48) is granted.

8  It is further ordered that Plaintiffs' Amended Complaint (ECF No. 46) is
9  dismissed, in its entirety, with prejudice and without leave to amend.

10  It is further ordered that this case is to be administratively closed.

12  DATED THIS 29th Day of August 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE